# In the United States Court of Federal Claims

No. 14-647C
(Filed: February 23, 2015)

| | |
|---|---|
| RUDOLPH AND SLETTEN, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE UNITED STATES, ) <br> ) <br> Defendant. ) <br> ) | Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-09; Motion to Dismiss, Rule 12(b)(1); Motion for Summary Judgment, Rule 56; Motion Remand to the Contracting Officer, 41 U.S.C. § 7103(f)(5); Deemed Denial of a Claim. |

Nomi L. Castle, Matthew J. Luce, Marian K. Selvaggio, Castle & Associates, Beverly Hills, California, for plaintiff.

A. Bondurant Eley, Trial Attorney, Joyce F. Branda, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, Steven J. Gillingham, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.

**MEMORANDUM OPINION AND ORDER**

I.   **INTRODUCTION**

Plaintiff, Rudolph and Sletten, Inc. ("R&S"), brought this action pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 7101–09 ("CDA"). The government moved to dismiss R&S's complaint, or alternatively for summary judgment, for lack of subject-matter jurisdiction pursuant to Rules 12(b)(1) and 56 of the Rules of the United States Court of Federal Claims ("RCFC"), arguing that there has been neither an actual nor a deemed final decision by the contracting officer. In the alternative, the government moves for remand of the case to the contracting officer for a final decision. For the reasons set forth below, the government's motion to dismiss, or alternatively for summary judgment, is **DENIED**. The government's motion in the alternative for remand of this case to the contracting officer for a final decision is **GRANTED**.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

The dispute in this case arises out of a government contract awarded to R&S to build the Southwest Fisheries Science Center Replacement Headquarters and Laboratory in La Jolla, California ("La Jolla Laboratory").

On May 3, 2010, the United States Department of Commerce, National Oceanic and Atmospheric Administration ("NOAA"), awarded R&S Contract No. AB1330-10-CN-0114 to construct the La Jolla Laboratory. Compl. at Ex. A.

On August 20, 2013, R&S submitted a certified claim ("Claim 1") to NOAA's contracting officer ("the contracting officer") seeking a compensable contract time extension and $26,809,003 as compensation for costs due to alleged government-caused delay and disruption, additional consultant costs, and extra work undertaken by R&S and its subcontractors. Compl. at Ex. B. NOAA received R&S's certified claim on August 23, 2013. Compl. at Ex. C.

On October 21, 2013, the contracting officer wrote to R&S advising that:

> In accordance with FAR 52.233-1(e), the Contracting Officer's final decision, or a date by which a decision will be made, must be provided to your firm. Due to the complexity and extensive nature of your claim, we anticipate a final Contracting Officer's decision to be issued 9 months from the date of this letter.

App. to Def. Mot. at 19.

On October 30, 2013, R&S submitted a second certified claim ("Claim 2") to the contracting officer. App. to Def. Mot. at 1-18. This claim sought an additional $2,600,861 for delay-related costs and unresolved Requests for Contract Modifications. App. to Def. Mot. at 7.

On November 4, 2013, R&S wrote to the contracting officer acknowledging receipt of the October 21, 2013 letter, but stating that the nine-month extension to review Claim 1 was excessive and unreasonable. App. to Def. Mot. at 20. In addition, R&S requested either a detailed explanation for the delay or a work plan.

---

[1] The facts recounted in this Memorandum Opinion and Order are taken from the plaintiff's complaint cited in this Memorandum Opinion and Order as ("Compl. at ___"), the defendant's dispositive motion ("Def. Mot. at __"), plaintiff's opposition thereto ("Pl. Opp. at __"), defendant's reply ("Def. Rep. at __"), and the appendices to the parties' submissions ("App. to ___"). Except where otherwise noted, the facts recited here are undisputed.

*Id*. The contracting officer responded on November 8, 2013, explaining the reason for the nine-month delay and providing R&S with a timeline for reaching a final decision on Claim 1 by July 15, 2014. App. to Def. Mot. at 21-22.

On January 6, 2014, R&S filed its first lawsuit arising under the La Jolla contract. *Rudolph & Sletten, Inc. v. United States*, No. 14-14C (Fed. Cl. Jan. 6, 2014) ("*R&S I*"). On May 6, 2014, the government filed a dispositive motion in *R&S I*. That motion is fully briefed and is separately pending before the Court.

On July 8, 2014, the contracting officer informed R&S that a final decision on Claim 1 would not be reached by July 15, 2014 as originally estimated by the government, and that, instead, a final decision would be forthcoming on March 15, 2015. App. to Def. Mot. at 40-41. The contracting officer also provided R&S with the following schedule for the resolution of Claim 1:

| | |
|---|---|
| July 31, 2014: | Approximately 35 PCOs Requiring a Technical Merit Letter; |
| August 31, 2014: | Approximately 35 PCOs reassessing previously issued unilateral modifications and directives; |
| October 15, 2014: | Approximately 35 PCOs reassessing previously issued unilateral modifications and directives; |
| November 15, 2014: | Approximately 35 PCOs reassessing previously issued unilateral modifications and directive; |
| January 15, 2015: | Approximately 35 PCOs pending evaluation; |
| February 27, 2015: | Approximately 25 PCOs pending evaluation. |

App. to Def. Mot. at 41. R&S filed the present action regarding Claim 1 on July 23, 2014.

The government moves to dismiss this case, or alternatively for summary judgment, for lack of jurisdiction, arguing that R&S failed to obtain a final decision from the contracting officer before filing its complaint. *See generally* Def. Mot. Alternatively, the government requests that the Court stay and remand this case to the contracting officer for a final decision, pursuant to 41 U.S.C. § 7103(f)(5). *Id.* at 19.

## III. ANALYSIS

### A. Legal Standards

Whether this Court possesses jurisdiction to decide the merits of a case is a threshold matter. *Copar Pumice Co., Inc. v. United States*, 112 Fed. Cl. 515, 527 (2013) (citing *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1364 (Fed. Cir. 2007)); *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95 (1998). Deciding a motion to dismiss "starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." *Holley v. United States,* 124 F.3d 1462, 1465 (Fed. Cir. 1997). As a case cannot proceed if a court lacks jurisdiction to hear it, the plaintiff bears the burden of establishing subject-matter jurisdiction and must do so by a preponderance of the evidence. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006); *M. Maropakis Carpentry, Inc. v. United States,* 609 F.3d 1323, 1327 (Fed. Cir. 2010) (citing *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed. Cir. 1988)).

If the Court finds it lacks subject-matter jurisdiction, it must dismiss the complaint. *Arbaugh*, 546 U.S. at 514. In considering a motion to dismiss for lack of jurisdiction, the Court must "view the alleged facts in the complaint as true, and if the facts reveal any reasonable basis upon which the non-movant [might] prevail, dismissal is inappropriate." *Palafox St. Associates, L.P. v. United States*, 117 Fed. Cl. 324, 327 (2014) (quoting *Pixton v. B & B Plastics, Inc.*, 291 F.3d 1324, 1326 (Fed. Cir. 2002)). The Court may also look beyond the pleadings and "'inquire into jurisdictional facts' to determine whether jurisdiction exists." *Estes Express Lines v. United States*, 108 Fed. Cl. 416, 420 (2013), *rev'd on other grounds*, 739 F.3d 689 (Fed. Cir. 2014) (citing *Rocovich v. United States,* 933 F.2d 991, 993 (Fed. Cir. 1991)).

### B. The Contract Disputes Act

The Tucker Act, 28 U.S.C. § 1491(a)(1), grants the United States Court of Federal Claims jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act further provides that the Court "shall have jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under section 7104(b)(1) of title 41 [the Contract Disputes Act]." *Id.* at § 1491(a)(2).

For the Court to have subject-matter jurisdiction to hear a dispute under the CDA, the plaintiff must meet two prerequisites: (1) submit a proper claim to the relevant contracting officer, which must be properly certified if the amount requested is above $100,000, and (2) obtain a final decision on that claim. 41 U.S.C. § 7103(a); *Reflectone, Inc. v. Dalton*, 60 F.3d 1572, 1575-76 (Fed. Cir. 1995).

Under the CDA, a contractor may obtain either an actual or a deemed final decision on the claim. *Claude E. Atkins Enters., Inc. v. United States,* 27 Fed. Cl. 142, 143 (1992). For claims over $100,000, the CDA provides that the contracting officer shall, within 60 days of receipt of the submitted certified claim, "(A) issue a decision; or (B) notify the contractor of the time within which a decision will be issued." 41 U.S.C. § 7103(f)(2). The decision must be "issued within a reasonable time," which is calculated by "taking into account such factors as the size and complexity of the claim and the adequacy of information in support of the claim provided by the contractor." 41 U.S.C. § 7103(f)(3). If the contracting officer denies the claim within the required time period, that claim is actually denied. *Id*. However, a failure to issue a decision within the required time "is deemed to be a decision by the contracting officer denying the claim." 41 U.S.C. § 7103(f)(5). A denial, actual or deemed, authorizes an "appeal or action on the claim as otherwise provided in [the CDA]. The tribunal concerned may, at its option, stay the proceedings of the appeal or action to obtain a decision by the contracting officer." *Id*.

### C.     The Court Possesses Jurisdiction Over Plaintiff's Claim

The parties do not dispute that R&S properly submitted a certified claim to the contracting officer and that the contracting officer did not issue a final decision on the claim by the government's original deadline. Def. Mot. at 13; Pl. Opp. at 8. Accordingly, the question presented by this case is whether the government's failure to issue a decision by the original deadline constitutes a deemed denial of R&S's claim under the CDA. 41 U.S.C. § 7103(f)(5). For the reasons set forth below, the passage of the government's July 15, 2014 deadline to decide plaintiff's claim constitutes a deemed denial of that claim. As a result, this Court has subject-matter jurisdiction to consider R&S's claim.

The government argues in its motion that the Court lacks subject-matter jurisdiction to consider R&S's claim because there has not been a deemed denial of the claim by the contracting officer. Specifically, the government maintains that the contracting officer in this case properly and timely extended the deadline for issuing a final decision on R&S's claim until March 15, 2015, once the

government determined that it would not meet its original deadline. Def. Mot. at 13-14. The government further maintains that because the new deadline set by the contracting officer is reasonable, R&S's claim before this Court is premature and jurisdictionally barred. Def. Mot. at 13. For the reasons discussed below, the Court disagrees.

The CDA contains specific requirements regarding the timing for reaching a decision on a claim. Section 7103(f)(2) of the CDA provides that: "A contracting officer *shall,* within 60 days of receipt of a submitted certified claim over $100,000-- (A) issue a decision; or (B) notify the contractor of the time within which a decision *will be issued*." 41 U.S.C. § 7103(f)(2) (emphasis added). The plain language of the statute requires that the contracting officer either make a decision within 60 days, or set a firm deadline for issuing a final decision within 60 days of receiving a claim. *Id*.[2]

Although the meaning of section 7103(f)(2) has not often been addressed by the courts, the relevant case law supports the view that section 7103(f)(2) gives the government the right to extend the deadline for issuing a final decision only once and that the deadline must be set during the initial 60-day period.[3] In *Claude E. Atkins*, the Court held that a contractor may "treat the passage of the due date specified in the initial sixty days as a deemed decision even if the contracting officer attempts to further extend the due date." *Claude E. Atkins*, 27 Fed. Cl. at 145. Similarly, the United States District Court for the District of Columbia recently held that a contracting officer is permitted only a single extension under the CDA. *Tuba City Reg'l Health Care Corp. v. United States, et al.,* No. 13–639,

---

[2] This reading of section 7103(f)(2) is reinforced by the statute's remaining provisions: Section 7103(f)(3) places a reasonableness limitation on section 7103(f)(2)(B) and prevents the contracting officer from setting a final decision date far in the future. If the contracting officer does set an unreasonable decision date, section 7103(f)(4) allows the contractor to ask a court to direct the contracting officer to issue a decision within a specified period of time. 41 U.S.C. § 7103(f)(4). If the contracting officer fails to comply with any of the timeliness provisions in the CDA, section 7103(f)(5) permits the contractor to interpret the delay as a deemed denial. 41 U.S.C. § 7103(f)(5).

[3] The Court has also addressed this issue in dicta on two other occasions: In *AFD Fund v. United States*, 61 Fed. Cl. 540, 542 n.1 (2004), the Court found that a plaintiff may treat "the passage of [the final decision date set by the contracting officer] without a final decision as a deemed denial . . . . ." Similarly in *Boeing Co. v. United States*, 26 Cl. Ct. 257, 259-60 (1992), the Court found that a fixed final decision date is required and if the "claim is substantial and will require a long period of time to address, then the contracting officer's only option is to fix a date far enough into the future to assure a complete evaluation."

2014 WL 1648215 (D.D.C Apr. 25, 2014).  In *Tuba City*, the district court confronted facts similar to this case: the contracting officer in that case extended the deadline for a final decision multiple times and the contractor filed an action in court arguing that its claim had been deemed denied.  *Tuba City*, 2014 WL 1648215, at *2.  In that case, the court determined that the CDA allows the contracting officer to pick its own deadline beyond the 60-day period.  *Id*. at *3.  But, "[o]nce picked . . . that deadline is firm" and failure to meet that deadline results in a deemed denial of the claim.  *Id*.

The *Claude E. Atkins* and *Tuba City* decisions are instructive here.  In this case, the contracting officer set a deadline of July 15, 2014 for issuing a final decision on R&S's claim.  That deadline passed without the contracting officer reaching a decision.  Although the contracting officer did seek to extend the deadline again before the first extension expired, no language in the CDA provides the government with the right to a second extension.  As a result, R&S may treat the contracting officer's failure to reach a decision by the government's July 15, 2014 deadline as a deemed denial of its claim.  *See* 41 U.S.C. § 7103(f)(2); *Claude E. Atkins*, 27 Fed. Cl. at 145.

The government incorrectly argues that the contracting officer had the right to further extend the deadline for issuing a final decision in this case because R&S's claim is complex.  Def. Mot. at 16-17.  Section 7103(f)(3) of the CDA requires that, at the outset, the government calculate the deadline for issuing a final decision "taking into account such factors as the size and complexity of the claim and the adequacy of information in support of the claim provided by the contractor."  41 U.S.C. § 7103(f)(3).  Moreover, in *Claude E. Atkins*, the Court held that even if the claim is complex, the contracting officer "must choose, within the sixty days, a reasonable due date that he will be able to meet."  *Claude E. Atkins*, 27 Fed. Cl. at 146.  There is "no exception to the § 7103(f) timing requirements for complex claims."  *Tuba City*, 2014 WL 1648215, at *3.  For this reason, when faced with a complex claim, the contracting officer here should have picked a deadline that afforded plenty of time to evaluate R&S's claim.  *Id*.

The government also relies upon several Board of Contract Appeals cases to support its argument that the contracting officer properly extended the deadline for a final decision on R&S's claim.[4]  But, a plain reading of section 7103(f)(2)

---

[4] In Appeal *of Robert Augustine & Sons, Inc*., VABCA No. 3079, 1989 WL 146843 (V.A.B.C.A. Nov. 22, 1989), the Veterans Board of Contract Appeals ("VABCA") held that the claim in the case was deemed denied, but stated, in dictum, that the contracting officer need only provide a "good faith estimate" for when a decision would be rendered and that the estimate could be

demonstrates that the government must set a firm deadline within the initial 60-day period, and if that deadline is not met, the contractor may choose to treat any further extension of the deadline as a deemed denial of its claim. *See* 41 U.S.C. § 7103(f)(2); *Claude E. Atkins*, 27 Fed. Cl. at 145.

Because section 7103(f)(2) requires that the contracting officer issue a final decision within the initial deadline set by the government, R&S may treat the elapse of the government's July 15, 2014 deadline in this case as a deemed denial of its claim. *Id.* The Court, accordingly, possesses subject-matter jurisdiction to consider R&S's claim.

### D. Stay of Proceedings

As an alternative to dismissal of this case, the government requests that the Court stay and remand this case to the contracting officer for a final decision. Def. Mot. at 17-18. R&S opposes this request. Pl. Opp. at 2. As this Court possesses subject-matter jurisdiction over R&S's claim, the Court has discretion to issue a stay order "to obtain a decision by the contracting officer." 41 U.S.C. § 7103(f)(5).[5] "[W]hen the Court does possess jurisdiction over a claim based upon

---

extended if reasonable. In *Appeal of Chester P. Schwartz, Gary A. Mosko, and Stanley H. Marks*, VABCA No. 2975, 1989 WL 156822 (V.A.B.C.A. Dec. 8, 1989), the VABCA held that the claim in the case was deemed denied, but stated, in dictum, that a "good faith estimate" was all that was required. In *Appeal of Suh'dutsing Techs.*, ASBCA No. 58760, 2014 WL 1909252, (A.S.B.C.A. Apr. 28, 2014), the Armed Services Board of Contract Appeals held that the claim in the case was deemed denied because the contracting officer did not issue a fixed date for reaching a decision on the claim.

[5] In their Joint Status Report filed with the Court on February 5, 2015, the parties assert that the contracting officer has no jurisdiction to issue a final decision on R&S's claim while this litigation is pending. *See* February 5, 2015 Joint Status Report at 4, 7. In *Sharman Co. v. United States*, the Court of Appeals for the Federal Circuit held that "[o]nce a claim is in litigation, the Department of Justice gains exclusive authority to act in the pending litigation. . . . That exclusive authority divests the contracting officer of his authority to issue a final decision on the claim." *See Sharman Co. v. United States,* 2 F.3d 1564, 1571 (Fed. Cir. 1993) (citations omitted), *overruled on other grounds by Reflectone, Inc. v. Dalton,* 60 F.3d 1572. However, *Sharman* did not address circumstances where the Court has determined that it possesses jurisdiction and seeks to remand a case to the contracting officer pursuant to section 7103(f)(5). *Id.* Rather, as discussed above, the CDA explicitly grants the Court the authority to "retrocede authority to the contracting officer" when the Court "posses[es] jurisdiction over a claim based on a deemed denial." *United Partition Sys., Inc. v. United States*, 59 Fed. Cl. 627, 643 (2004); *see also* RCFC Rule 56.2(a)(1) (allowing the Court to remand matters within its jurisdiction to an administrative or executive body or official).
- 8 -

a deemed denial, it is specifically granted discretion to retrocede authority to the contracting officer [by the CDA]." *United Partition Sys., Inc. v. United States*, 59 Fed. Cl. 627, 643 (2004). Thus, the Court may stay and remand this case to the contracting officer in order to "obtain a final decision when the Court believes that such a decision would be beneficial to the parties and assist resolution of the matter." *Id.* at 641-642.

The government argues in its motion that a stay and remand of this case is warranted because the contracting officer has already devoted substantial resources to reviewing R&S's claim. Def. Mot. at 18. The government further asserts that the ongoing review of R&S's claim has "great potential to identify significant areas of agreement between R&S and the Government that could substantially narrow the issues truly in dispute between the parties." *Id.* Because the contracting officer has already committed significant resources towards analyzing R&S's claim, a stay until the contracting officer issues a decision will promote judicial economy.[6] The government has represented to the Court that the contracting officer's review is expected to be completed by March 15, 2015. *See* Def. Mot. at 18; Def. Reply at 9; February 5, 2015 Joint Status Report. Given this expectation, a short stay would not work an undue hardship on the parties. As a remand of this case to the contracting officer for a decision would be beneficial to the resolution of this matter, the Court will stay proceedings in this case until after the issuance of the decision, which shall be no later than 30 days from the filing of this Memorandum Opinion and Order.

## IV.   CONCLUSION

For the foregoing reasons, the government's failure to reach an actual decision on R&S's claim within the time initially specified by the contracting officer constitutes a deemed denial of that claim under the CDA. R&S may appeal the deemed denial of its claim in this Court under the CDA. Accordingly, the government's motion to dismiss, or alternatively for summary judgment, is **DENIED**.

---

[6] While the Court believes a decision from the contracting officer will be beneficial to this case, the contracting officer's findings of facts are not binding upon the parties and are not entitled to any deference. The Court conducts its review de novo. *Wilner v. United States*, 24 F.3d 1397, 1401 (Fed. Cir. 1994).

Because the government has completed much of the work needed to review R&S's claim and a decision by the contracting officer on that claim is imminent, the Court exercises its discretion under the CDA to stay these proceedings to obtain a final decision by the contracting officer. The government's motion for remand to the contracting officer for a final decision is, therefore, **GRANTED**. The case is **STAYED** 30 days from the filing of this Memorandum Opinion and Order and **REMANDED** to the contracting officer for a decision, which shall be issued no later than 30 days from the filing of this Memorandum Opinion and Order.

The parties are instructed to file a joint status report on or before 45 days from the filing of this Memorandum Opinion and Order advising the Court of their views on how this matter should proceed, which shall include a proposed schedule for discovery and a discussion of whether this case should be consolidated with *Rudolph & Sletten, Inc. v. United States*, No. 14-14C (Fed. Cl. filed Jan. 6, 2014).

The parties shall bear their own costs.

**IT IS SO ORDERED.**

                                                s/ Lydia Kay Griggsby
                                                LYDIA KAY GRIGGSBY
                                                Judge